UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEON EDWARD LOPEZ, et al,<br><br>Defendants. | Case No. CR 06-00466 DDP<br><br>**ORDER GRANTING DEFENDANT GREER'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POSSESSION OF A FIREARM AND MARIJUANA ON DECEMBER 16, 2003**<br><br>[Motion filed on June 3, 2008] |

This matter is before the Court on Defendant Greer's Motion to Exclude Evidence of Possession of a Firearm and Marijuana. After reviewing the papers submitted by the parties and hearing oral argument, the Court grants the motion.

**I. BACKGROUND**

Defendant Greer is charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (count one) and possession with intent to distribute a controlled substance (count six). The indictment alleges three discrete drug transactions on March 7, 2005, March 31, 2005, and June 24, 2005. The Government seeks to introduce evidence at trial that Greer, on

December 16, 2003, was arrested for possession of a firearm and possession of marijuana for sale.

On that date, Greer was stopped for speeding by a California Highway Patrol officer. The officer smelled marijuana and decided to search the vehicle. The officer recovered a loaded .38 caliber revolver, a digital scale and a large plastic bag of 32.6 grams of marijuana. It appears that white powdery substance was also found in the police vehicle near where Greer was sitting while being transported to the station, although it is disputed whether this was cocaine, and if so, whether it was Greer's cocaine. Greer was convicted of possession of marijuana for sale in violation of California Health and Safety Code 11359 on March 5, 2004.

Greer brings this motion *in limine* to exclude that evidence.

**II. DISCUSSION**

A. The 2003 Arrest as Part of the Conspiracy

The Government first argues that Greer's possession of a firearm and of marijuana on December 16, 2003 were acts in the furtherance of the conspiracy. Yet the Government offers nothing to connect the events surrounding the December 16, 2003 arrest to the charged drug conspiracy.

The elements of a conspiracy are: "1) an agreement to accomplish an illegal objective, 2) coupled with one or more acts in furtherance of the illegal purpose, and 3) the requisite intent necessary to commit the underlying substantive offense." United States v. Pemberton, 853 F.2d 730, 733 (9th Cir. 1988). Although a defendant may be a member of the conspiracy without full knowledge of all of its details or the identities of all other members, see

2

United States v. Escalante, 627 F.2d 1197, 1200 (9th Cir. 1980), the Government must prove that the defendant agreed with at least one other person to pursue a particular criminal objective or objectives, and that the defendant had knowledge of at least one of those objectives with intent to help accomplish it. See Ninth Circuit Criminal Jury Instruction ¶ 8.16 (2003).

Here, there is no evidence that Greer's possession of a firearm and of marijuana in 2003 was at all related to the 2005 conspiracy. The indictment clearly focuses on events that occurred in 2005 and on a number of identified co-conspirators. The 2003 arrest occurred outside the time frame upon which the indictment is focused. Moreover, there is no indication that the alleged co-conspirators in this case had agreed with Greer to sell marijuana or had any involvement in Greer's possession of marijuana for sale in 2003. One may be a member of multiple conspiracies. Greer's possession of a saleable amount of marijuana, while suggesting he may have been part of a conspiracy to sell marijuana, has not been connected to the conspiracy in this case.

The Government's allegation of a drug conspiracy does not allow it to bootstrap any and all drug-related activity within the scope of that conspiracy. It is necessary to provide sufficient evidence that the activity was related to the specific criminal agreement. Otherwise, any drug-related activity *ipso facto* would be relevant to proving the existence of a conspiracy regardless of its connection to the specific criminal agreement charged. The Government has not made the necessary showing to warrant finding that the 2003 arrest was part of the alleged conspiracy. If the

Government is to seek admission of this evidence, it must do so under Rule 404(b).[1]

### B. Rule 404(b)[2]

Character evidence is generally inadmissible. Federal Rule of Evidence 404(b) provides that "other crimes, wrongs, or acts . . . may, however, be admissible . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed. R. Evid. 404(b). Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged. See United States v. Murillo, 255 F.3d 1169, 1175 (9th Cir. 2001).

The Government argues that the 2003 arrest tends to prove Greer's knowledge of the conspiracy and intent to distribute cocaine. For "other acts" evidence to come in as proof of knowledge, admissibility requires "a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." United States v. Mayans, 17 F.3d 1174 (9th Cir. 1994). This requirement protects

---

[1] Evidence of "other acts" is also admissible if "inextricably intertwined" with the charged offense. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995). For the reasons mentioned as to why the 2003 arrest is unrelated to the alleged drug conspiracy, this exception is inapplicable.

[2] At the hearing on this motion, Greer's defense counsel asserted that the Government failed to provide any 404(b) notice before opposing the motion on 404(b) grounds. Because the Court finds that this evidence is inadmissible under 404(b), it does not reach this objection.

4

the defendant from admission of "other acts" evidence that does little more than suggest a bad character. See <u>United States v. Martinez</u>, 182 F.3d 1107, 1111 (9th Cir. 1999). Here, the Government has not shown the necessary connection between the 2003 arrest and the charged conspiracy.

The Government has only proffered a hypothetical link between Greer's past drug-related activity and the current charges. The Government makes generalized reference to the 2003 arrest providing context to a 2005 phone call where Greer is purported to have informed Palm of various conspiracy-related activities. At the hearing on this motion, the Government asserted that Greer knew based on the 2003 arrest that providing such information would further the conspiracy. First, the Government did not explain how the information furthered the conspiracy. Second, even if this information was helpful to the conspiracy, there is nothing about the 2003 arrest that provides knowledge of the common-sense notion that giving information to another can assist the furtherance of a conspiracy.[3] Because the 2003 arrest lacks any nexus to the alleged conspiracy, reference to the 2003 arrest at trial would not assist the jury to assess Greer's knowledge. The jury may independently determine from other evidence what Greer knew and what he intended to do.

Finally, and this gives the Court reason for caution, the Government states that "[s]omeone who is a drug trafficker himself is much more likely to: (1) recognize what actions of other people

---

[3] The Government also mentions communications with Palm's drug supplier, but similarly provides no basis for concluding that the 2003 arrest had any bearing on Greer's knowledge with respect to those unknown communications.

5

are indicators that they are involved in drug trafficking; and 2) know what actions on his part would assist a drug conspiracy." (Opp'n 10.) Although the Government suggested its purpose in offering the 2003 arrest is only to "allow[] jurors to use prior conduct of a defendant to make reasonable conclusions about his knowledge and intent", (id.), the Court is skeptical of this purpose. The Government has not provided a single concrete reason for finding a logical connection between Greer's 2003 arrest and Greer's knowledge of the 2005 drug conspiracy. The Court similarly does not consider this evidence to support intent, especially when the arrest for possession of marijuana, while involving drugs, did not implicate the substantially larger amounts of cocaine alleged to be involved in this case.

It bears repeating that "[e]xtrinsic act evidence is not looked upon with favor." United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir. 1993) (citations omitted). This restrictive view of admitting "other acts" evidence is tied to the policy that "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." Id. The evidence that Greer had 32.6 grams of suggests that he may have intended to sell the marijuana, although this is by no means certain. 32.6 grams is slightly more than one ounce of marijuana. At most, the 2003 arrest indicates a small-scale dealer. The magnitude of the alleged conspiracy, and its substantially larger quantities of drugs, far exceeds the relatively small amount

involved in the 2003 arrest.  For the reasons stated, the Court denies admission of the 2003 arrest under 404(b).[4]

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion *in limine* to exclude evidence of possession of a firearm and of marijuana on December 16, 2003.

IT IS SO ORDERED.

Dated: June 10, 2008

DEAN D. PREGERSON
United States District Judge

---

[4] Had the Court admitted this evidence, it would have to independently determine its admissibility under Rule 403. See United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993). For similar reasons to those stated under the 404(b) analysis, the Court finds that admission of the 2003 arrest would be highly prejudicial, where its lack of connection to the alleged conspiracy gives it little probative value.  The evidence is also inadmissible on Rule 403 grounds.